IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LARRY MARK POLSKY, ON BEHALF OF HIMSELF AND THE CLASS HE SEEKS TO REPRESENT | § § § § | |
| Plaintiff | § § | |
| VS. | § § | CIVIL ACTION NO. 1:17-cv-115 |
| WALMART STORES, INC. AND MONEYGRAM PAYMENT SYSTEMS, INC. | § § § § | |
| Defendants | § § | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §1441 (DIVERSITY)**

Pursuant to 28 U.S.C. §1441, Defendant MoneyGram Payment Systems, Inc. ("MoneyGram") removes this action to the United States District Court for the Southern District of Texas, Brownsville Division. The basis for removal is that diversity jurisdiction exists.

**I.  BACKGROUND**

1. On April 24, 2017, Plaintiff filed his original petition in a lawsuit styled *Larry Mark Polsky, on behalf of himself and the class he seeks to represent vs. WalMart Stores, Inc. and MoneyGram Payment Systems, Inc.,* Cause No. 2017-CCL-00463. The case was assigned to the County Court at Law No. 1 in Cameron County, Texas, and is hereafter referred to as "the state court action." True and correct copies of all of the state court process, pleadings, and orders within the scope of Local Rule LR 81 are attached to this notice.

2. Plaintiff's petition alleges that Defendants violated the Texas Deceptive Trade Practices Act. Plaintiff is a lawyer who allegedly received a $1000 MoneyGram money order from a client in payment of her legal fees. Plaintiff allegedly tried to cash the money order at a

WalMart on the same day that he received it, but was told that he could not. Plaintiff claims that he "felt humiliated, embarrassed and was made extremely nervous" because he was not allowed to cash the money order on the same day that he received it. Plaintiff's Original Petition, ¶¶ 7.g. and 9.g. Defendants deny that either of them violated the DTPA, deny that either of them committed any wrongful act or omission and deny that either of them are liable for damages to Plaintiff (or to anyone else). Defendants also deny that this case can or should be certified as a class action, as Plaintiff apparently proposes.

3. Federal jurisdiction is based upon complete diversity of citizenship in accordance with 28 U.S.C. §1332. There is complete diversity among the parties properly joined in this action both at the time that Plaintiff filed the state court action, and at the time of removal.

4. MoneyGram denies that it has been validly served with process. Still, MoneyGram received a copy of Plaintiff's original petition on or about May 12, 2017.

## II.  GROUNDS FOR DIVERSITY JURISDICTION

5. Removal is authorized because the state court action is a civil action in which this Court has original jurisdiction under 28 U.S.C. §1332. In addition, MoneyGram can remove the state court action to this Court pursuant to 28 U.S.C. §1441(b). The state court action is a civil action between citizens of different states and/or countries and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This Court has jurisdiction because none of the parties properly joined as defendants is a citizen of Texas, the state in which the state court action was brought.

A.  **CITIZENSHIP OF THE PARTIES**

6. On information and belief, based on the allegations in Plaintiff's petition in the state court action, Plaintiff is now, and was at the time the state court action was commenced, a citizen and resident of Texas.

7. Defendant WalMart Stores, Inc. is now, and was at the time the state court action was commenced, a citizen of Delaware and Arkansas. WalMart Stores, Inc. was and is incorporated in Delaware and its principal place of business was and is in Arkansas.

8. Defendant MoneyGram Payment Systems, Inc. is now, and was at the time the state court action was commenced, a citizen of Delaware and Minnesota. MoneyGram Payment Systems, Inc. was and is incorporated in Delaware and its principal place of business was and is in Minnesota.

B.  **AMOUNT IN CONTROVERSY**

9. Plaintiff's claims against Defendants exceed the sum of $75,000.00, exclusive of interest and costs. Plaintiff's petition states, in the introductory language before the first numbered paragraph, that he is filing this case "pursuant to Rule 23 of the Federal Rules of Civil Procedure" as a class action. Plaintiff's petition further states that Plaintiff's proposed class action will include "a total of no more than 500 Texas individuals" each of whom "is requesting the sum of $5000.00 as 'maximum' damages." Plaintiff's Original Petition, ¶¶ 2 and 3. Finally, Plaintiff's petition states that class members seek treble damages for Defendants' allegedly "knowing" or "intentional" conduct plus reasonable and necessary attorneys' fees. Plaintiff's Original Petition ¶¶ 8.B., 8.C., 8.D., 10.B., 10.C. and 10.D.

10. Therefore, it is facially apparent from Plaintiff's state court petition that the amount in controversy exceeds the applicable jurisdictional threshold. In fact, if each of the five

hundred proposed class members were to recover $5000.00 in economic damages and treble damages of $15,000.00, then the total class recovery would be $10,000,000.00 before including any award of attorneys' fees.

**C.    VENUE**

11.    The state court action may be removed to the District Court for the Southern District of Texas, Brownsville Division, because this is the United States District Court for the district and division within which the state court action was pending. 28 U.S.C. §1446(a).

**D.    TIMELY REMOVAL**

12.    This notice of removal is timely because it is being filed within thirty days after MoneyGram's receipt of a copy of Plaintiff's state court petition. 28 U.S.C. §1446(b).

**E.    NOTICE OF FILING**

13.    Counsel for MoneyGram will serve a copy of this notice of removal on Plaintiff, who is an attorney representing himself pro se, and will file a copy of this notice of removal with the clerk of the County Court at Law No. 1 of Cameron County, Texas, where the state court action was pending, in accordance with the provisions of 28 U.S.C. §1446(d).

**F.    CONSENT TO REMOVAL**

14.    All properly joined defendants that have been served as of the date of the filing of this Notice of Removal consent to and join in this removal.

**G.    COMPLIANCE WITH LOCAL RULES**

15.    Pursuant to Local Rule LR 81, all executed process in this case is attached as Exhibit A (although there is none); all pleadings asserting causes of action and all answers to these pleadings are attached as Exhibit B; all orders signed by the state judge are attached as Exhibit C (although there are none); the state court docket sheet is attached as Exhibit D; an

index of matters being filed is attached as Exhibit E; and a list of all counsel of record, including addresses, telephone numbers and parties represented is attached as Exhibit F.

### III.  CONCLUSION

16.  MoneyGram removes this action from the County Court at Law No. 1 of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division; requests that this Court assume full jurisdiction of this cause as if it had originally been filed here; and also requests that further proceedings in the state court action be stayed. MoneyGram also respectfully requests any other relief to which it may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.

          /s/ Joseph R. Little
Joseph R. Little
State Bar No. 00784483
Southern District of Texas Bar No. 15972
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 – Facsimile
jrl@littlelawtexas.com

Attorney in Charge for Defendant MoneyGram Payment Systems, Inc.

-6-

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 24th day of May, 2017.

                                            /s/ Joseph R. Little
                                            Joseph R. Little